```
                                                    ┌─────────────────────────────┐
                                                    │            FILED            │
                                                    │  CLERK, U.S. DISTRICT COURT │
                                                    │                             │
8:15-cv-00615-AB-JPR                                │          8/10/15            │
Charlie McDonald v. KIND, LLC                       │                             │
                                                    │ CENTRAL DISTRICT OF CALIFORNIA │
                                                    │ BY: _____CP_____ DEPUTY   │
                                                    └─────────────────────────────┘
```

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE: KIND LLC "ALL NATURAL" LITIGATION**          MDL No. 2645

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in an action pending in the Central District of California move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. This litigation currently consists of eleven actions pending in the Central, Northern, and Southern Districts of California, the Northern District of Illinois, and the Eastern and Southern Districts of New York, as listed on Schedule A.

With the exception of one plaintiff who does not oppose the motion and takes no position on the transferee forum, all parties support centralization of these actions. But, they disagree as to the appropriate transferee forum. In addition to movants, Defendants KIND, LLC, and KIND Management, Inc., (collectively, KIND), and the plaintiff in an action pending in the Southern District of New York support centralization in the Central District of California. Plaintiffs in six actions support centralization in the Eastern District of New York. Plaintiff in another action (as well as one plaintiff in the alternative) supports centralization in the Southern District of New York. Finally, plaintiffs in one action support centralization in either the Eastern or Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that KIND markets and labels certain snack bar products[1] as "all natural," "healthy," "+," "plus," and as a "good source of fiber" with "no trans fats," when allegedly these products contain little nutritional value, high levels of saturated fat, and genetically modified, synthetic, or other non-

---

[*] Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The following snack bar products are identified in every complaint: KIND Fruit & Nut Almond & Apricot; KIND Fruit & Nut Almond & Coconut; KIND Plus Peanut Butter Dark Chocolate + Protein; and KIND Plus Dark Chocolate Cherry Cashew + Antioxidants. Several complaints allege that a number of additional KIND snack bar products are deceptively marketed.

**A CERTIFIED COPY**
**RUBY J. KRAJICK, CLERK**

BY _Shanté Jones_
Deputy Clerk

-2-

natural ingredients.  All of the actions are brought on behalf of overlapping putative nationwide or state classes of purchasers of the snack bars.  Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of New York is the most appropriate transferee district for pretrial proceedings in this litigation.  Two actions are pending in that district, and plaintiffs in nine actions support centralization in the Southern or Eastern District of New York, either primarily or in the alternative.  At oral argument, counsel for KIND conceded that it is headquartered in the Southern District of New York and that executives with decision-making authority with respect to the content of the labels at issue are located there.  Thus, relevant documents and witnesses are likely located within the district.  Furthermore, the Southern District of New York is both convenient and accessible for the parties and witnesses, and has the necessary judicial resources and expertise to efficiently manage this litigation.  Centralization in this district provides us the opportunity to assign the litigation to the Honorable William H. Pauley, III, an experienced jurist who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable William H. Pauley, III, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_

Sarah S. Vance
Chair

Marjorie O. Rendell  Charles R. Breyer
Lewis A. Kaplan   Ellen Segal Huvelle
R. David Proctor   Catherine D. Perry

**IN RE: KIND LLC "ALL NATURAL" LITIGATION**                MDL No. 2645

## SCHEDULE A

### Central District of California

KAUFER v. KIND, LLC, C.A. No. 2:15-02878
GALVEZ, ET AL. v. KIND LLC, C.A. No. 2:15-03082
JACKSON v. KIND, LLC, ET AL., C.A. No. 2:15-03683
MCDONALD, ET AL. v. KIND, LLC, C.A. No. 8:15-00615

### Northern District of California

COOPER v. KIND LLC, C.A. No. 4:15-01872
HOUSE, ET AL. v. KIND LLC, C.A. No. 4:15-02127

### Southern District of California

BUSTAMANTE v. KIND LLC, ET AL., C.A. No. 3:15-00891

### Northern District of Illinois

KARNEZIS v. KIND, LLC, C.A. No. 1:15-03679

### Eastern District of New York

SHORT, ET AL. v. KIND LLC, C.A. No. 1:15-02214

### Southern District of New York

O'BRIEN v. KIND, LLC, C.A. No. 1:15-03699
CAVANAGH v. KIND, LLC, C.A. No. 1:15-04064